IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 5:14-cr-00058 |
| ) | |
| v. ) | By: Michael F. Urbanski |
| ) | United States District Judge |
| RICHARD SHELTON FOWLER, et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OPINION

Before the court is a motion to withdraw filed by R. Darren Bostic, defense counsel for defendant Steven Maurice Pemberton. ECF No. 288. Mr. Bostic claims that communication with Pemberton has broken down such that he can no longer provide constitutionally effective representation for his client. Mr. Bostic also notes that he is a potential fact witness in the pending re-trial of this matter, which is currently scheduled to begin on March 21, 2016. As such, Mr. Bostic believes he is ethically prohibited from continuing as counsel and requests leave to withdraw so that new counsel can be appointed. The court held an evidentiary hearing on March 2, 2016, and heard from both Pemberton and Mr. Bostic. The court then gave counsel leave to file supplemental briefs to address the ethical conflict raised by Mr. Bostic.

### I. Breakdown in Communication

Both Pemberton and Mr. Bostic agree that they can converse with one another about the charges in this case, and have discussed trial strategy on multiple occasions. Moreover, Mr. Bostic successfully represented Pemberton during the prior trial in this matter, and no substantial personal conflicts have arisen that would prevent Mr. Bostic from providing an effective defense in the pending re-trial. For these reasons, and for those additional reasons stated on the record during the

March 2 hearing, the court finds that there is no breakdown in communication between Pemberton and Mr. Bostic that requires appointment of new counsel in this case.

## II. Witness-Advocate Rule

During the March 2 hearing, Mr. Bostic raised a related ethical concern about his continued representation of Pemberton. During the first trial, the government introduced a Statement of Facts signed by Pemberton that described his role in the credit card conspiracy alleged in the second superseding indictment. This Statement of Facts was prepared by the government, signed by Pemberton and Mr. Bostic, and filed with the court in anticipation of a possible guilty plea. Pemberton later gave notice that he no longer intended to plead guilty, and wished to proceed to trial. Nevertheless, the Statement of Facts was a key government exhibit. Further, while counsel for the United States represents that he does not intend to introduce the Statement of Facts in his case-in-chief during the March 21 trial, he acknowledges that the document may be used to impeach Pemberton if he chooses to testify.

Mr. Bostic believes his involvement with the Statement of Facts may require him to testify as a fact witness on Pemberton's behalf. Pemberton maintains that he signed the Statement of Facts not because he was guilty of the charged crimes, but rather because he feared receiving a higher sentence at trial. Pemberton testified to this fact during the first trial, and is expected to testify similarly during the March 21 trial. Mr. Bostic believes he can corroborate Pemberton's testimony and confirm that Pemberton claimed innocence even while signing the Statement of Facts. Because Mr. Bostic is a potential fact witness for the defense, he believes he is ethically prohibited from also serving as trial counsel. The court agrees.

As the Fourth Circuit notes, "[t]he roles of witness and advocate are fundamentally inconsistent and when . . . a lawyer ought to testify as a witness for his client, he must as a rule withdraw from advocacy." Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp., 659 F.2d

2

1259, 1273 (4th Cir. 1981). "Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate." Id. at 1273 n.21 (citing Ethical Consideration 5-9). Moreover, "[a]n actual conflict of interest exists when the attorney ha[s] independent information about facts in controversy relating to his client and would, therefore, be faced with the possibility of testifying." United States v. Franklin, 177 F. Supp. 2d 459, 467 (E.D. Va. 2001) (citing United States v. Urbana, 770 F. Supp. 1552, 1559 (S.D. Fla. 1991)).

This same principle is reflected in state law. For example, the Supreme Court of Virginia has cautioned that "when it becomes necessary for counsel to take the witness stand [on] behalf of his client, he shall withdraw and 'leave the trial of the case to other counsel.'" Fish v. Com., 208 Va. 761, 765, 160 S.E.2d 576, 579 (1968) (quoting Canon 19 of the Canons of Professional Ethics). Further, Rule 3.7 of the Virginia Rules of Professional Conduct provides:

> (a) A lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness except where:
> 
> (1) the testimony relates to an uncontested issue;
> 
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> 
> (3) disqualification of the lawyer would work substantial hardship on the client.
> 
> (b) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer may be called as a witness other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client.

Va. Rules of Prof. Conduct, Rule 3.7 (2000).[1] This rule—often styled the "witness-advocate rule"—recognizes that the "attorney-witness may not be a fully objective witness or may be perceived by

---

[1] The Virginia Rules of Professional Conduct govern a lawyer's practice in this court. United States v. Cline, No. 1:12-CR-00044, 2013 WL 2156544, at *2 n.1 (W.D. Va. Apr. 19, 2013).

3

the trier of fact as distorting the truth for the sake of his client." United States v. Dyess, 231 F. Supp. 2d 493, 496 (S.D.W. Va. 2002).

Rule 3.7(a) is most directly implicated in this case, since the "dual requirements" of Rule 3.7(b) are not satisfied. See United States v. Perry, 30 F. Supp. 3d 514, 529 (E.D. Va. 2014) (noting that Rule 3.7(a) applies irrespective of when a lawyer realizes he is a trial witness, while Rule 3.7(b) operates only where a lawyer discovers the need to testify after accepting employment and is called to testify "other than on behalf of the client"). Under Rule 3.7(a), Mr. Bostic appears to be a "necessary witness" such that he is precluded from serving as both trial counsel and a fact witness. Mr. Bostic has a material knowledge concerning the Statement of Facts, can testify as to Pemberton's state of mind at the time the Statement of Facts was signed, and can describe the circumstances surrounding the abandoned guilty plea. Should the Statement of Facts be introduced at trial, Pemberton's testimony as to his state of mind in executing that document and his credibility would become important trial issues. To the extent that Mr. Bostic's testimony may potentially corroborate or expand upon Pemberton's trial testimony, his testimony may be necessary at the upcoming trial.

To be sure, there are questions as to the admissibility of Mr. Bostic's testimony. Mr. Bostic represents that his testimony would be admissible under Rule 801(d)(1)(B) or Rule 803(3) of the Federal Rules of Evidence. The government correctly notes that the court must make certain factual findings before it can admit Mr. Bostic's proffered testimony under either of these rules. Nevertheless, in light of the precedent cited above, the critical nature of Mr. Bostic's proposed testimony, and Pemberton's and Mr. Bostic's request for new counsel, the court finds that disqualification is the only remedy sufficient to protect Pemberton's Sixth Amendment right to adequate counsel. See Adelman v. Kernbach, 43 Va. Cir. 544, 1997 WL 33573504, at *2 (Norfolk 1997) (noting that judges should "defer to the best judgment of counsel and client" to decide if

4

defense counsel should testify on behalf of his client); see also Hyman v. Beck, No. 5:08-HC-2066-BO (E.D.N.C order entered Mar. 31, 2010) (granting writ of habeas corpus where defense counsel chose not to testify at trial, despite being a material witness to impeaching statements made by a "key" government witness), on appeal, Hyman v. Keller, 2011 WL 3489092 (4th Cir. 2011).

In so holding, the court acknowledges that appointment of new defense counsel will require a continuance to ensure new counsel has adequate time to prepare for trial. However, the court concludes that the ends of justice served by granting a continuance outweigh the best interest of the public and defendant in a speedy trial. Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) the court finds that any continuance necessitated by the disqualification of Mr. Bostic serves the ends of justice, is necessary to protect Pemberton's Sixth Amendment rights, and is required to ensure new defense counsel has a reasonable time to effectively prepare for trial. Any delay resulting from a continuance shall thus be excluded for purposes of speedy trial. Pemberton's co-defendant Richard Fowler, by counsel, has agreed to continue this case as opposed to trying it separately, and has waived any speedy trial objection. Given that fact that several of the government's witnesses in this case are incarcerated and would be required to testify in both cases, the court finds that the public's interest in a speedy trial is outweighed by the burden and cost associated with having separate trials for Pemberton and Fowler.

### III. Conclusion

The motion to withdraw, ECF No. 288, is hereby **GRANTED** and it is **ORDERED** that new counsel be appointed to represent Pemberton. Further, it is **ORDERED** that the jury trial in this case be **CONTINUED** to a date to be determined by the parties.

An appropriate Order will be entered this day.

Entered: 03-08-2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge